IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Coulter, #300410, ) | |
| ) | C/A No. 0:08-2762-PMD-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Robert M. Stevenson, Warden BRCI, ) | |
| ) | |
| Respondent. ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the parties' cross-motions for summary judgment (Docket Entries 28 & 34). The petitioner, Ronald Coulter ("Coulter"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment. (Docket Entry 28.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 30.) Coulter filed a response in opposition to the respondent's motion for summary judgment (Docket Entry 33) followed by a cross-motion for summary judgment (Docket Entry 34). These motions are now before the court for a Report and Recommendation.

**BACKGROUND**

Coulter was indicted in May 2002 in Charleston County for kidnapping, conspiracy to commit kidnapping, and murder (02-GS-10-2443). (App. at 20-21, 890-91, Docket Entry 29-2 at 20-21 & Docket Entry 29-8 at 96-97.) Coulter was represented by Jennifer K. Shealy, Esquire, Charleston County Public Defender, and Rodney D. Davis, Esquire, Assistant Public Defender, and

on February 23-25, 2004, was jointly tried with his co-defendant.[1] Two days into the trial, Coulter pled guilty pursuant to a negotiated plea agreement to the charge of kidnapping. (App. at 675-80, Docket Entry 29-7 at 31-36.) The circuit court sentenced Coulter to thirty years' imprisonment. (App. at 706, Docket Entry 29-7 at 62.) Coulter did not file a direct appeal.

On July 16, 2004, Coulter filed an application for post-conviction relief ("PCR"). (Coulter v. State of South Carolina, 04-CP-10-2999, App. at 732-45, Docket Entry 29-7 at 88-101.) Coulter raised the following issues in his PCR application:

1. Ineffective assistance of trial counsel
   a) Counsel failed to adequately object to the sufficiency of the indictments presented.
   b) Counsel failed to investigate an alibi re: defense.
   c) Counsel failed to object to the short intervention between the reception of discovery and the actual trial.
   d) Counsel failed to explain the law regarding the consequences of a guilty plea.
   e) Counsel failed to adequately file a direct appeal.
   f) Counsel failed to file motion to obtain exculpatory discovery material.
   g) Counsel failed to object to trial court's jurisdiction, subject matter jurisdiction, to accept guilty plea.
   h) Counsel failed to raise meritorious issues preserved for appeal.

2. Involuntary guilty plea

3. Brady[2] violation

---

[1] Ivory Coker ("Coker"), also known as Ivory Croker, was Coulter's co-defendant. Coker was indicted and tried on identical charges stemming from the same incident that occurred on or about April 21, 2001. On February 25, 2004, two days into the trial, Coker agreed to plead guilty pursuant to a negotiated plea agreement and testify for the State against Coulter.

[2] Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). The Fourth Circuit has identified three "essential components" of a Brady violation: "(1) the evidence at issue must be favorable to the defendant, whether directly exculpatory or of impeachment value; (2) it must have been suppressed by the state, whether willfully or inadvertently; and (3) it must be material." Spicer v. Roxbury Corr. Inst., 194 F.3d 547, 555 (4th Cir. 1999).

(Id.) The State filed a Return on June 23, 2005. (App. at 746-51, Docket Entry 29-7 at 102-07.) On May 26, 2006, Coulter filed an amendment to his application in which he raised the following issues:

1. Plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel advised petitioner to accept the plea agreement, in part, because counsel was unwilling to continue trial proceedings in light of co-defendant's confession and plea agreement.

2. Plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel failed to inform petitioner of the laws in relation to the facts, while making a recommendation to accept plea agreement.

3. Plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel further advised petitioner that if the trial judge does not grant the Motion for Mistrial, the only available option is to accept the plea agreement.

(App. at 752, Docket Entry 29-7 at 110.) On June 2, 2006, the PCR court held an evidentiary hearing at which Coulter appeared and testified and was represented by Lea B. Kerrison, Esquire. (App. at 775-889, Docket Entry 29-7 at 131-50 through Docket Entry 29-8 at 1-95.) The PCR judge denied Coulter's PCR application by order filed November 6, 2006. (App. at 763-72, Docket Entry 29-7 at 119-28.)

Coulter timely filed a Notice of Appeal. On appeal, Coulter was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On June 8, 2007, counsel for Coulter filed a Johnson[3] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which she raised the following issue:

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

PJG

> Trial counsel erred in failing to explain to petitioner that a guilty plea would waive his right to confront his accusers and his privilege against self-incrimination.

(Docket Entry 29-10 at 3.) Coulter filed a *pro se* response to the Johnson petition on July 12, 2007, in which he raised the following issues:

> 1. Did the PCR judge err in failing to find Petitioner's trial counsel was ineffective for being unwilling to continue with trial and advising the Petitioner to accept a plea agreement, after the Petitioner's co-defendant agreed to testify against the Petitioner?
>
> 2. Was Petitioner's trial counsel ineffective for failing to explain the laws of confrontation to the Petitioner while advising the Petitioner to accept a plea agreement?

(Docket Entry 29-11 at 3.) The South Carolina Court of Appeals denied Coulter's petition for a writ of certiorari in an order dated May 19, 2008. (Docket Entry 29-12.) The remittitur was issued on June 4, 2008. (Docket Entry 29-13.)

> Coulter's federal petition for a writ of habeas corpus raises the following allegations:
>
> **Ground One:** Guilty plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel advised Petitioner to accept plea agreement because counsel was unwilling to continue trial proceedings in light of codefendant's confession and plea agreement.
>
> **Ground Two:** Guilty plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel failed to explain the law of confrontation and fifth amendment privilege against self-incrimination to the Petitioner while advising the Petitioner to accept a plea agreement.

(See Pet., Docket Entry 1-2 at 5.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

    **1.          Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved

an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

*PJG*

## C. Coulter's Habeas Grounds

### 1. Ground One

In Ground One of the instant Petition, Coulter asserts that trial counsel was ineffective for being unwilling to continue with trial and advising him to accept a plea agreement after Coulter's co-defendant agreed to testify against him. The Respondent contends that this ground is procedurally barred under South Carolina law, as Coulter failed to raise this issue in his Johnson petition for a writ of certiorari following the circuit court's denial of his PCR application, although he included the argument in his *pro se* response to the Johnson petition.

The requirement of exhaustion of state remedies requires that a federal claim be "fairly presented" to the state court. See Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring a federal claim to be "fairly presented" to the state courts). To be fairly presented, a claim must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). In State v. McKennedy, 559 S.E.2d 850 (2002), the South Carolina Supreme Court held that articulating an issue in an Anders brief constitutes fair presentation of that claim to the appellate court. Id. at 854. In finding that the Court of Appeals' Anders review constituted a decision on the merits for purposes of state law, the Supreme Court noted that McKennedy's counsel had filed an Anders brief with the Court of Appeals and *McKennedy filed a* pro se *response, raising the issues he considered important*. McKennedy, 559 S.E.2d at 855. The Supreme Court observed that the Court of Appeals, pursuant to Anders, then reviewed the merits of the argument. Id. Here, Coulter raised the issue contained in Ground One to the Court of Appeals in his *pro se* Johnson brief. Accordingly, although the issue was not contained in the actual Johnson petition, this court cannot say that it has not been fairly presented to the South Carolina appellate courts.

*PJG*

Having determined that Ground One is not procedurally barred under South Carolina law, the court turns to the merits of Coulter's Petition.

A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel, Coulter must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Coulter must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Coulter "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Burket v. Angelone, 208 F.3d 172,

189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

In response to the respondent's summary judgment motion, Coulter contends that the PCR court's factual determination that counsel was willing to go forward with the trial following Coulter's co-defendant's decision to testify against Coulter was unreasonable pursuant to 28 U.S.C. § 2254(d)(2) in light of the evidence presented. The court disagrees. As noted above, a court cannot set aside the factual findings of the state court unless they are objectively unreasonable. § 2254(d)(2). The state court's findings are entitled to a presumption of correctness, and a petitioner must rebut that presumption by clear and convincing evidence. § 2254(e)(1). At the PCR hearing, Coulter's trial counsel testified that he was willing to proceed with a jury trial if Coulter so desired. The PCR's reliance on that testimony was not objectively unreasonable. Furthermore, Coulter testified at his guilty plea that he was pleading guilty because he was guilty, he understood the maximum penalties associated with his charges, he was satisfied with the services of his counsel, and he understood that, by entering his guilty plea, he was waiving certain constitutional rights including his right to a jury trial. (App. at 691-95, Docket Entry 29-7 at 47-51.) Additionally, when informed by the trial judge that "if [Coulter] still want[s] a trial, . . . the Court stands ready to proceed and continue with the trial," Coulter testified that he still wished to enter his guilty plea. (App. at 694, Docket Entry 29-7 at 50.) Although Coulter claims that he can "'clearly' demonstrate that the state PCR court's fact-finding [] of trial counsel's willingness to continue trial [] is not supported by the state court record," he offers absolutely no basis in the record for this conclusory statement. (Petr.'s Mem. Opp'n Mot. Summ. J. at 4, Docket Entry 33 at 4.) Accordingly, Coulter cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket v. Angelone, 208 F.3d at 189.

### 2. Ground Two

In Ground Two of his Petition, Coulter contends that his trial counsel was ineffective for failing to advise him of his rights to confront witnesses and against self-incrimination. The PCR court found credible trial counsel's testimony that he fully explained the consequences and sentence possibilities if Coulter pled guilty. (App. 768-69, Docket Entry 29-7 at 124-25.) Although Coulter emphasizes in his response that he challenges the PCR court's finding pursuant to § 2254(d)(2)'s standard with regard to fact-finding, he offers no basis in the record that would even remotely suggest that the PCR's finding as to the credibility of trial counsel on this point was unreasonable. (Petr.'s Mem. Opp'n Mot. Summ. J. at 5, Docket Entry 33 at 5.)

Coulter also addresses Ground Two in his own motion for summary judgment.[4] (Docket Entry 34.) However, although Coulter again asserts that the PCR court's finding was contrary to the record, he again points to nothing in the record to support that contention other than his own self-serving statement that counsel did not explain these rights. (See generally Petr.'s Mot. Summ. J., Docket Entry 34.) The PCR court was well within the bounds of reasonableness to accept the testimony of trial counsel as credible.

Having fully reviewed the record, the court finds that the PCR court's determination on this issue was reasonable. See 28 U.S.C. § 2254(d)(2). Further, the court finds nothing to indicate that the PCR court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" under § 2254(d)(1).

---

[4]The court observes that to the extent that Coulter's motion attempts to unilaterally extend Coulter's time to respond to the respondent's motion for summary judgment with regard to Ground Two, it is in actuality a belated response that should not be considered by the court. Out of an abundance of caution, however, the court has considered Coulter's "motion" (Docket Entry 34).

**RECOMMENDATION**

For the foregoing reasons, Coulter is not entitled to a writ of habeas corpus. Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 28) be granted and the petitioner's motion for summary judgment (Docket Entry 34) be denied.

August 3, 2009
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).