# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Coulter, #300410 )<br>)<br>　　　　　Petitioner, )<br>)<br>v. )<br>)<br>Robert M. Stevenson, Warden BRCI, )<br>)<br>　　　　　Respondent. )<br>_____ ) | C.A. No.: 0:08-cv-02762-PMD-PJG<br><br>**ORDER** |

This matter is before the court on Petitioner Ronald Coulter's *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on August 4, 2008.[1] On December 31, 2008, Respondent filed a motion for summary judgment. Petitioner filed a response in opposition to Respondent's motion for summary judgment and filed a cross-motion for summary judgment. On August 3, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted and Petitioner's habeas corpus petition be dismissed. Petitioner filed an Objection to the R&R on August 13, 2009. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently confined at the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted in 2002 in Charleston County for kidnapping, conspiracy to commit kidnapping, and murder. Petitioner was

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-276 (1988).

1

represented by Jennifer K. Shealy, Esquire, Charleston County Public Defender, and Rodney D. Davis, Esquire, Assistant Public Defender, and on February 23-25, 2004, was jointly tried with his co-defendant. On February 25, 2004, Petitioner's co-defendant agreed to plead guilty and to testify for the State against Petitioner. Later that same day, Petitioner pled guilty to kidnapping pursuant to a negotiated plea. (R. pp. 675-80). Pursuant to the plea negotiations, the trial judge sentenced Petitioner to a term of imprisonment of thirty (30) years. (R. pp. 706). Petitioner did not appeal his conviction or sentence.

On July 16, 2004, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. *Coulter v. State of South Carolina*, No. 04-CP-10-2999; (R. pp. 732-45). Specifically, the Petitioner listed several grounds for relief, which are listed as follows:

1. Ineffective assistance of trial counsel;
   a) Counsel failed to adequately object to the sufficiency of the indictments presented.
   b) Counsel failed to investigate an alibi re: defense.
   c) Counsel failed to object to the short intervention between the reception of discovery and the actual trial.
   d) Counsel failed to explain the law regarding the consequences of a guilty plea.
   e) Counsel failed to adequately file a direct appeal.
   f) Counsel failed to file motion to obtain exculpatory discovery material.
   g) Counsel failed to object to trial court's jurisdiction, subject matter jurisdiction, to accept guilty plea.
   h) Counsel failed to raise meritorious issues preserved for appeal.

2. Involuntary guilty plea; and,

3. Brady[2] violation.

(*Id.*).

Petitioner thereafter amended his PCR on May 26, 2006, to assert the following issues:

1. Plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel advised Petitioner to accept the plea agreement, in

---
[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

part, because counsel was unwilling to continue trial proceedings in light of co-defendant's confession and plea agreement.

2. Plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel failed to inform petitioner of the laws in relation to the facts, while making a recommendation to accept plea agreement.

3. Plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel further advised petitioner that if the trial judge does not grant the Motion for Mistrial, the only available option is to accept the plea agreement.

(R. p. 752).

Petitioner was represented in his PCR by Lea B. Kerrison, Esquire, and an evidentiary hearing was held on Petitioner's application on June 2, 2006. (R. pp. 775-889). In an Order filed November 6, 2006, the PCR judge denied Petitioner's APCR in its entirety. (R. pp. 763-72).

Petitioner timely filed a notice of appeal. Petitioner was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney for the South Carolina Commission on Indigent Defense, who filed a *Johnson*[3] Petition requesting to be relieved from the case and raising the issue of whether trial counsel erred in failing to explain to petitioner that a guilty plea would waive his right to confront his accusers and his privilege against self-incrimination. Pursuant to state procedure, Petitioner also filed a *pro se* brief in support of his appeal in which he raised the following issues:

1. Did the PCR judge err in failing to find Petitioner's trial counsel was ineffective for being unwilling to continue with trial and advising the Petitioner to accept a plea agreement, after the Petitioner's co-defendant agreed to testify against the Petitioner?

2. Was Petitioner's trial counsel ineffective for failing to explain the laws of confrontation to the Petitioner while advising the Petitioner to accept a plea agreement?

---

[3] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1998); see also *Anders v. California*, 368 U.S. 738, 744 (1967).

3

On May 19, 2008, the South Carolina Supreme Court granted counsel's request to be relieved, denied the petition, and issued the Remittitur on June 4, 2008.

Petitioner filed his *pro se* habeas petition on August 4, 2008, which asserted the following grounds for relief:

1. Guilty plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel advised Petitioner to accept plea agreement because counsel was unwilling to continue trial proceedings in light of codefendant's confession and plea agreement.

2. Guilty plea was involuntary and unintelligent as a result of ineffective assistance of counsel. Counsel failed to explain the law of confrontation and Fifth Amendment privilege against self-incrimination to the Petitioner while advising the Petitioner to accept a plea agreement.

Respondent moved for Summary Judgment on December 31, 2008. Petitioner filed a cross-motion for Summary Judgment. The Magistrate Judge recommended to this Court that Respondents' Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed.

## STANDARD OF REVIEW

**A.** **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

B.  **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

I.  **Section 2254 Petitions**

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ

5

if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

## II.     Petitioner's Claims of Ineffective Assistance of Counsel and Involuntary Plea

Petitioner claims that trial counsel's unwillingness to continue trial proceedings in light of co-defendant's confession and plea agreement and trial counsel's failure to explain the law of confrontation and Fifth Amendment privilege against self-incrimination resulted in Petitioner involuntarily entering a guilty plea.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  In order to satisfy the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  In the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Generally, guilty pleas are valid if they are voluntary and intelligent. *Brady v. U.S.,* 397 U.S. 742, 747 (1970).  When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the

PCR hearing. *Pittman v. State*, 524 S.E.2d 623, 624 (S.C. 1999) (citing *Harres v. Leeke*, 282 S.C. 131, 318 S.E.2d 360 (1984)).

Petitioner previously raised the issue of ineffective assistance of counsel and resulting involuntary guilty plea in his APCR, where he had the burden of proving the allegations of ineffective assistance of counsel. *Butler v. State*, 334 S.E.2d 813, 814 (S.C. 1985), *cert. denied*, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law. (R. pp. 763-72). As Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 120 S.Ct. 1495 (2000).

The Magistrate Judge recommends granting the Respondent's motion for summary judgment because Petitioner has not met his burden of showing trial counsel was constitutionally ineffective. After reviewing the entirety of the record, the court agrees with the Magistrate's R&R and finds that Petitioner has failed to carry his burden of showing that trial counsel was ineffective under the *Strickland* standard.

### A. Ground One

In Ground One of his Petition, Petitioner asserts that trial counsel was ineffective in being unwilling to continue with trial and in advising Petitioner to accept a plea agreement after Petitioner's co-defendant agreed to testify against him. Because Respondent argued that Ground One is procedurally barred as an unexhausted claim, the Magistrate Judge first addressed this issue in the R&R and concluded that Petitioner had properly raised Ground One in his *pro se* response to the *Johnson* petition. Petitioner does not object to the Magistrate's conclusion on

this issue, and the court adopts the R&R's analysis of this issue and incorporates that analysis into this Order.

Having determined that Ground One is not procedurally barred under South Carolina law, the R&R then analyzes the merits of Petitioner's claim. The R&R concludes that the PCR court's factual determination that counsel was willing to go forward with the trial following Petitioner's co-defendant's decision to testify against Petitioner was not objectively unreasonable. The Magistrate Judge found that Petitioner offered no basis in the record to support his claim that trial counsel was unwilling to go to trial. Furthermore, the Magistrate notes that Petitioner testified at his guilty plea that he was pleading guilty because he was guilty; he understood the maximum penalties associated with his charges; that he was satisfied with the services of his counsel; and that he understood that, by entering his guilty plea, he was waiving certain constitutional rights including his right to a jury trial. (R. pp. 691-95). Additionally, when informed by the trial judge that "if [Petitioner] still want[s] a trial, . . . the Court stands ready to proceed and continue with the trial," Petitioner testified that he still wished to enter his guilty plea. (R. p. 694). Based on these finding, the Magistrate Judge concluded that Petitioner cannot meet the standard set forth under *Strickland* and that Petitioner's Ground One claim is therefore meritless.

In response to the Magistrate Judge's findings with respect to Petitioner's Ground One claim, Petitioner makes a number of objections. First, Petitioner objects generally to the Magistrate Judge's recommendation that Respondent's motion for summary judgment be granted. In this objection, Petitioner argues that the Magistrate Judge did not apply the appropriate standard for summary judgment to Petitioner's claims because the question of trial counsel's unwillingness to continue to trial is a genuine issue as to a material fact. Second,

Petitioner objects to the Magistrate's conclusion that Petitioner cannot meet the standard under *Strickland.* In this objection, Petitioner argues that the Magistrate Judge makes no determination of whether or not the Petitioner satisfied the two-prong *Strickland* test. Finally, with respect to the R&R's analysis of Ground One, Petitioner objects to the Magistrate's conclusion that the PCR's reliance on counsel's testimony that he was willing to continue to trial was not objectively unreasonable. In this objection, Petitioner argues that the trial transcript contradicts trial counsel's PCR testimony.

Petitioner claims that his counsel was unwilling to proceed with trial after learning of the co-defendant's guilty plea and agreement to testify for the State against Petitioner. To support this claim, Petitioner points to the trial record and the statements of trial counsel before Petitioner's guilty plea. After Petitioner's counsel learned of the co-defendant's guilty plea, he moved for a mistrial based on arguments that the jury had been compromised, the courtroom layout had changed, counsel's credibility had been tainted, counsel was unaware of the terms of the co-defendant's plea agreement, and Petitioner's case had been prejudiced by the effect of the co-defendant's guilty plea on counsel's ability to be prepared and to present an effective defense. (R. pp. 642-70). The trial court took the motion for a mistrial under advisement and suggested that it would most likely be denied but that maybe a curative instruction could be given to the jury. (R. pp. 663-69). The trial judge then determined that the court would go forward with the testimony of a records custodian witness before breaking for lunch and considering the motion for a mistrial. (R. pp. 664-64). At this point, Petitioner's counsel, Mr. Davis, stated that he "simply cannot imagine being, through no fault of my own, more unprepared, more—perhaps not this next witness, but the next witnesses that will follow." (R. p. 667). In addition, Mr. Davis stated that he "can't imagine how a curative instruction can cure the situation. Again we

9

don't feel that we can go forward. . . . We do not believe any language would be effective in curing the situation." (R. pp. 669-70). Before the trial court could rule on the motion for mistrial, Petitioner pled guilty to kidnapping.

Petitioner points to the statements quoted above to establish that his trial counsel was unwilling to go forward with the trial and that, therefore, his guilty plea was involuntary. Petitioner presented his counsel's statements at his PCR trial. During the PCR hearing, trial counsel testified that although the co-defendant's guilty plea with the State changed his trial strategy, he was still willing to continue with the trial if the defendant had chosen to proceed. (R. pp. 846-47). Further, trial counsel testified that during the recess and while awaiting the trial judge's ruling on the mistrial motion, he and Ms. Shealy spoke to Petitioner about "the change in circumstances, how it will affect the trial." (R. p. 840). Counsel testified that "once [Petitioner] finally understood the ramifications of his best friend [the co-defendant] now working out a plea with the State, we . . . basically listened and he spent over an hour talking to us about what he had done." (R. p. 841). According to trial counsel's testimony, Petitioner told his counsel that he and his co-defendant had planned the kidnapping. (*Id.*). Counsel testified that Petitioner's sudden admission to him changed counsel's entire strategy because his past defense strategy was premised on the basis that Petitioner did not know anything about the victim's disappearance. (*Id.*). Based on this admission plus the evidence the State already had, counsel advised Petitioner that he ought to accept the plea the State was offering which was to *nolle prosse* the conspiracy and murder charges in exchange for a guilty plea to a negotiated sentence of thirty years for the kidnapping. (R. p. 844). In addition, trial counsel testified that he talked to Petitioner about what their strategy would be if they went forward with trial. (R. p. 848).

The PCR court found that trial counsel's testimony was credible and that Petitioner failed to show any deficiency on the part of counsel or prejudice resulting therefrom. (R. p. 770). Petitioner in his petition for habeas, in his memorandum in support of his petition, in his reply to Respondent's motion for summary judgment, and in his objection to the R&R essentially makes the same claims and presents the same evidence as Petitioner did in his PCR trial. Given the deferential standard that must be applied to the PCR court's findings, this court is unable to ascertain clear and convincing evidence that Petitioner's attorney fell below an objective standard of reasonableness.

Specifically, as to the first prong of deficient performance, the PCR court found that counsel was willing to go forward with Petitioner's trial, and that, therefore, counsel was not deficient in his performance. Petitioner has not presented clear and convincing evidence that his counsel was unwilling to go forward with trial if Petitioner had not plead guilty. While Petitioner points to statements made by his counsel before his plea was entered, those statements were in the context of trial counsel's arguments for why the case had been prejudiced by the co-defendant's plea agreement and for why the case should be declared a mistrial. The court finds that those statements alone do not provide clear and convincing evidence sufficient to overturn the PCR court's finding of fact that trial counsel *was* willing to proceed with the trial. In addition, the court finds that counsel's advice to accept the plea agreement in light of the State's evidence against Petitioner and in light of Petitioner's admission to counsel of his involvement in the kidnapping was not outside the wide range of professionally competent assistance. *See Strickland*, 466 U.S. at 690. Thus, Petitioner has failed to establish the first prong of his inefficient assistance of counsel claim under *Strickland.*

In addition, Petitioner has failed to prove that prejudice was caused by counsel's alleged deficient performance. Specifically, Petitioner has failed to show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As the Magistrate Judge noted, Petitioner testified at his guilty plea that he was pleading guilty because he was guilty, he understood the maximum penalties associated with his charges, he was satisfied with the services of his counsel, and he understood that, by entering his guilty plea, he was waiving certain constitutional rights including his right to a jury trial. (R. pp. 691-95). Additionally, when informed by the trial judge that "if [Petitioner] still want[s] a trial, . . . the Court stands ready to proceed and continue with the trial," Petitioner testified that he still wished to enter his guilty plea. (R. p. 694).

Thus, for the reasons described above, the court finds that Petitioner's trial counsel was not ineffective for being unwilling to continue with trial and for advising Petitioner to accept the plea agreement after Petitioner's co-defendant agreed to testify against him.

B.      **Ground Two**

In Ground Two of his Petition, Petitioner contends that his trial counsel was ineffective for failing to advise him of his right to confront witnesses and his right against self-incrimination. The PCR court found credible trial counsel's testimony that he fully explained the consequences and sentence possibilities of pleading guilty. (R. pp. 768-69). The Magistrate Judge found that, "although [Petitioner] asserts that the PCR court's finding was contrary to the record, [Petitioner] points to nothing in the record to support that contention other than his own self-serving statement that counsel did not explain these rights." The Magistrate Judge found

that the PCR court's determination on this issue was reasonable. Accordingly, the Magistrate Judge found Ground Two of Petitioner's habeas claim to be meritless.

In response to the Magistrate Judge's findings with respect to Petitioner's Ground Two claim, Petitioner makes a number of objections. First, Petitioner objects generally to the Magistrate's recommendation that the Respondent's motion for summary judgment be granted. In this objection, Petitioner argues that the Magistrate Judge did not apply the appropriate standard for summary judgment to Petitioner's claims because the question of whether trial counsel fully explained the consequences of a plea is a genuine issue as to a material fact. Second, Petitioner objects to the Magistrate's finding that the PCR court's determination that trial counsel provided credible testimony that he fully explained the consequences of a guilty plea was reasonable. Third, Petitioner objects to the Magistrate's conclusion that, ". . . the court finds nothing to indicate that the PCR court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' under § 2254(d)(1)."

Petitioner claims that his counsel failed to explain the laws of confrontation and the Fifth Amendment privilege against self-incrimination to the Petitioner when advising the Petitioner to accept the plea agreement. To support this claim, Petitioner points to trial counsel's testimony at the PCR hearing. Specifically, Petitioner points to the following statements made by trial counsel during the PCR hearing:

1. That counsel did not discuss specific rules of evidence with the petitioner. (R. p. 848).

2. That counsel did not explain to the petitioner that the codefendant's plea hearing was considered out-of-court testimony and therefore hearsay by court rules. (R. p. 849).

3. That counsel did not explain to the petitioner that the codefendant's confession, during his plea hearing, was inadmissible at trial against the petitioner. (R. p. 849).

4. That counsel did not explain to the petitioner the specific questions that he would have cross-examined the co-defendant about. (R. pp. 850-51).

5. That counsel *did* engage in a routine discussion of the rights of confrontation and cross-examination with the Petitioner similar to the questions that the Court went over with Petitioner on the record during his plea. (R. p. 852).

6. That counsel explained to the Petitioner that his constitutional privilege against self-incrimination, with regards to a plea, means that the judge is going to ask questions and the petitioner has to answer them. (R. pp. 858-59).

7. That counsel did not explain to Petitioner that the right to remain silent was the same as the right against self-incrimination. (*Id.*).

However, trial counsel testified at the PCR hearing that he *did* engage in a routine discussion of the rights of confrontation and cross-examination with the Petitioner similar to the questions that the Court went over with Petitioner on the record during his plea. (R. p. 852). In addition, trial counsel testified that he discussed the privilege against self-incrimination in two respects—one, on whether at trial Petitioner would have testified or not, and two, if Petitioner entered a guilty plea, the "judge is going to have questions for you and you're going to have to answer those." (R. p. 856). The PCR court found that trial counsel's testimony was credible and that Petitioner failed to show any deficiency on the part of counsel or prejudice resulting therefrom. (R. p. 770).

Additionally, during Petitioner's guilty plea, the trial judge asked trial counsel if they had explained to Petitioner the charges contained in the indictment, the possible punishment, and his

constitutional rights, and their reply was "yes." (R. p. 676). Before Petitioner pled guilty, the trial court also explained to Petitioner that he was giving up certain constitutional rights by pleading guilty. (R. pp. 691-93). Specifically, the trail judge explained to Petitioner the following:

> Sir, when you plead guilty you give up certain important constitutional rights. Those rights include your right to a jury trial. During a jury trial you're entitled to a presumption that you're innocent.
> The State has the burden of proving beyond a reasonable doubt that you've committed each and every element of this offense. You would have the right to remain silent and if you exercised that right I would instruct the jury that your silence could not be used against you.
> You would have the right to present any defense that you may have. You would have the right to confront and cross-examine the State's witnesses and call witnesses in your own defense and if you've made any confessions or other incriminating statements, you would have the right to challenge those statements. Do you understand each and every one of those rights as I've just explained them to you?

(*Id.*).

In response to the trial judge's question, Petitioner responded "yes." (*Id.*). Petitioner also stated that he was satisfied with his lawyer's services, that they answered all of his questions, and that they had done everything Petitioner had asked and expected in representing him. (*Id.*) Petitioner stated that he was pleading guilty freely and voluntarily and of his own will. (R. p. 696).

The PCR court held that Petitioner failed to prove that counsel was deficient in explaining Petitioner's constitutional rights or that prejudice was caused by counsel's alleged deficiency. Based on the evidence as discussed above and given the deferential standard that must be applied to the PCR court's findings, the court is unable to ascertain clear and convincing evidence that Petitioner's attorney fell below an objective standard of reasonableness. Thus, Petitioner's ineffective assistance of counsel claim is of no merit.

The guilty plea transcript indicates Petitioner fully understood the plea that he was making and the rights he was waiving by doing so. Petitioner repeatedly acknowledged that his plea was voluntary and that nobody was coercing him into pleading guilty. Petitioner understood the charges he was facing and the facts of the case as presented by the solicitor. Petitioner admitted his guilt and indicated that he was satisfied with his attorney's handling of the case. In addressing the court and the victim's families, Petitioner apologized for his actions.

Therefore, the court finds that there was a substantial factual basis for the plea and that Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. *Via v. Superintendent, Powhatan Correctional Center*, 643 F.2d 167, 171 (4th Cir. 1981). In this case, Petitioner has failed to prove ineffective assistance of counsel in his case. In addition, Petitioner has failed to present any other compelling reasons to overcome the conclusive nature of the statements that Petitioner made at his plea hearing which facially demonstrate the plea's validity.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Respondent's Motion for Summary Judgment be **GRANTED** and that Petitioner Ronald Coulter's Motion for Summary Judgment be **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 16, 2009**
**Charleston, SC**